IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

EDQUADO C. ECHOLS,
Plaintiff,

V

AUBURN UNIVERSITY,
DAN KING
RON BOOTH
RICK TRAYLOR
Defendants.

CIVIL CASE NO.: 3:17-cv-669

DEMAND FOR JURY TRIAL

## COMPLAINT

COMES NOW the Plaintiff **EDQUADO C. ECHOLS**, by and through its undersigned attorney of record, and brings this Complaint to enforce the following provisions of federal law and related state law provisions for judicial economy. The Plaintiff also seeks Compensatory, Consequential and Punitive Damages along with equitable reimbursement of related expenses. The Plaintiff, also, petitions this Honorable Court to stay all personnel matters involving the class labeled as "Heavy Equipment Operator" until the Plaintiff is awarded this position and given credit for all his past work as truly a "Heavy Equipment Operator" without the job title or pay for such. The Plaintiff was trained as a "Heavy Equipment Operator" in his division identified as the Facilities Department–Infrastructure Division by retiring employee Willie Ramsey in accordance with the instructions from upper management. Then went along many months, then the job description was re-defined and a new requirement of CDL [Commercial Driver License] was added and the pay was decreased. The Plaintiff maintains this action was taken by upper management for the

sole reason of retaliating against him and keeping him from being able to be placed in this position for a raise. It is hard to understand why the Defendant Auburn University Facilities' Department would have first required the Plaintiff to be trained for the position, and after employee Ramsey's retirement have him perform the duties of this position, but then after several months of successful job performance and good evaluations; not allow him to be considered for this promotion to "Heavy Equipment Operator" except for the fact that the Facilities division is discriminating against him because he is BLACK. All of the management in this division is WHITE. This is unlawful discrimination and the Plaintiff demands a PROMOTION to the position of HEAVY EQUIPMENT OPERATOR a job he was trained to perform and had been performing in an outstanding manner until he filed EEOC Complaints against his employer for changing the job description and not allowing his work experience to count "Like" a CDL requirement that was subsequently added by upper management because these individuals knew the Plaintiff did not have a CDL and thought this was discrimination changing the Job Description. In short, it appears upper management in the Facilities division required this Job Description change merely to retaliate against the Plaintiff. There have been numerous acts of discrimination and retaliation against the Plaintiffs numerous EEOC Complaints [420-2011-00286; 420-2014-00289; 420-2014-02101; 420-2016-03071] all of which are directly related to the Facilities Department of Auburn University discriminating against him as he sought to be promoted and paid for the work they had trained him to perform, but then re-structured the Job Description and Pay Rate once the prior employee retired while the Plaintiff was bridging the gap and performing the duties of the job in an outstanding manner.

This continuing discrimination and retaliation is unlawful and for this reason the Plaintiff brings his lawsuit seeking redress for his unlawful losses. He seeks a JURY TRIAL to restore to him all benefits he is entitled to receive which have been withheld due to his race or because of retaliation. The federal laws the Plaintiff seeks to enforce are: Sections of the U.S. Constitution related to substantive and procedural due process rights and those rights granted by *Title VII of the Civil Rights Act of 1968*, as amended, including but not limited to claims of discrimination because of the Plaintiff's RACE, 42 USC Sections 1981, 1983 and 2000e et seq. & 12102 et seq.; and the U.S. Constitution, 5th Amendment, 14th Amendment, and 1st Amendment; in addition to Auburn University's Employee Handbook and the Job Description he initially sought to fill FACILITIES-HEAVY EQUIPMENT OPERATOR prior to the department management starting to discriminate and retaliate against him by changing both the Job Description and the Pay Rate, both being clear acts of discrimination and retaliation according to the Plaintiff's past job performance, evaluations, the old Job Description and the old Pay Rate, along with all other Auburn University written rules, regulations, procedures and policies.

## JURISDICTION

1. This Court has jurisdiction over this action because a number of federal questions are at issue. [(28 USC 1331, 28 USC 1343, 29 USC 216 (b), 29 USC 2617(a)(2), 42 USC 2000e-5(f)] There are no other forums with the broad authority this Court has to pursue the equitable relief granted by Federal Law, and sought by the Plaintiff, herein.

2. Venue is proper under 28 USC 1391 (b). The actions complained of giving rise to this legal conflict occurred in the Middle District of Alabama. Also, the subject governmental agency and all individual parties to this matter either reside in or conduct business in the Middle District of Alabama.

## PARTIES

3. The Plaintiff, **EDQUADO C. ECHOLS,** is a black male, under the age of 40, currently employed as a TECH II is the Infrastructure Division of the Facilities Department of Auburn University where he has worked for over 6 years without incident and with excellent evaluations until he challenged upper management's decision to change the Job Description of the Heavy Equipment Operator to add a CDL requirement and to lower the Pay Rate a few months after they had requested for the Plaintiff to be trained on this position as a former employee retired. After filing a number of EEOC Complaints [420-2011-00286; 420-2014-00289; 420-2014-02101; 420-2016-03071] both internally and with the outside agency-the EEOC, the Plaintiff still has not received adequate relief for the Defendants.

4. The Defendants are Auburn University, a governmental entity, with its Facilities Department, a division within this governmental entity, along with the following state employees in both a governmental and individual capacity: The Defendants, **DAN KING, RON BOOTH and RICK TRAYLOR,** are individuals who work in upper management in the Facilities Department of the Defendant-**AUBURN UNIVERSITY,** who have been acting in an unprofessional manner toward the Plaintiff **EDQUADO C.**

**ECHOLS, a** long-term employee of the Facilities Division who has been seeking a promotion to "Heavy Equipment Operator" since 2011, after he was told by upper management to be trained by a retiring employee for this position of "Heavy Equipment Operator". Subsequently, the Plaintiff received outstanding evaluations while he was acting in this position. But then upper management changed the Job Description to include a CDL requirement and also reworked the Pay Rate for the Position to be less pay. The Plaintiff alleges these changes by upper management had a discriminatory and retaliatory motive. Ultimately, the Plaintiff has not been promoted, and though in the past he had received outstanding Job Evaluations, the Defendants started rating him lower for purely discriminatory and retaliatory reasons, and likewise changed the Job Description and the Pay Rate for similar discriminatory and retaliatory reasons. The Plaintiff alleges that Defendant Upper Management appears to be trying to run off all BLACKS with a brain from the division. The head of the supervisors is Defendant Dan King a White Male who has not worked for the employer that long and who has since brought in many of his WHITE friends from outside places who do not follow past Auburn University policy and practices very closely. Defendant Ron Booth is a recent supervisor of the Plaintiff, and is new to this division, though not this employer, who appears to be following orders from the top to get rid of a number of former managers who are BLACK.

5. The Defendant **AUBURN UNIVERSITY, is the employer of all parties** in this legal dispute and is a division of the State of Alabama and as such is a governmental educational institution subject to the Federal Anti-Discrimination Laws and

Constitutional Due Process rights of a "vested" State of Alabama Employee's Retirement System Insurance & Pension Employees like the Plaintiff.

## NARRATIVE OF RELEVANT FACTS

6. Prior to filing a n EEOC Complaint in 2011, relative to this general employment matter, the Plaintiff had always received outstanding Job Evaluations. Following the wrongful handling of filling the vacant Heavy Equipment Operator position after the retirement of Willie Ramsey, the Plaintiff has been the recipient of purposeful discrimination and retaliation from the defendants-upper management of Auburn University' Facilities Division.

7. All named individual Defendants are WHITE; and apparently believe they are above the law by reviewing their past employment law decisions since taking the position.

8. The Plaintiff avers that he has been punished excessively and unfairly by exercising his 1st Amendment right of "Free Speech" and by filing EEOC complaints and in-house grievances.

9. The Plaintiff avers that the Defendants have failed in every instance to give him proper notice of proposed disciplinary action against him; and the Defendants have failed to afford him a fair and unbiased tribunal to hear his side of the dispute in accordance with standard procedural due process mandated for all non-probationary state merit system employees.

10. The Plaintiff asserts that he has been penalized unfairly for not following

Departmental procedures, but that the Defendants have not in any instance related to displinary actions which have been taken against him followed its own standard rules of displinary procedure or administrative rules.

11. All negative matters contained within the Plaintiff's personnel record stem from him reporting his employer (Defendants) to EEOC starting initially in 2011 and continuing to this date (10-2017).

12. The facts of this particular case support an immediate and dire need for this matter to be heard as promptly as possible by this Honorable Federal Court.

13. The Plaintiff has not been granted a fair or unbiased due process hearing at any stage prior to bringing this federal complaint against the named Defendant(s). All personnel actions related to this Plaintiff were based strictly upon a paper record which is untrue and unsupportable without direct, first hand knowledge or unbiased witnesses; in other words, compounded hearsay.

14. All pre-disciplinary hearings of the Plaintiff have been a procedural sham with the outcome pre-determined prior to the proceedings taking place.

15. There has been inadequate notice of the charges pending, no genuine opportunity to question the evidence or cross-exam the witness(s) or adequate time to prepare a defense to attack fraudulent charges against the Plaintiff. In doing such, the Defendants have repeatedly violated Auburn University's own rules and procedures, a clear lack of due process and discrimination.

16. This action seeks to correct the lack of procedural and due process in the 16. s.

16  The Defendants have turned a blind eye and a deaf ear to the Plaintiff's numerous notices of federal law noncompliance and the Plaintiff's specific concerns addressed in his numerous complaints against the Defendants.

17  The Defendants have conspired to create a hostile work environment against the Plaintiff because of his RACE and in RETALLIATION against him for filing the numerous EEOC Complaints against the Defendants.

18  The Plaintiff's requests for the Defendants to comply with Federal law, state personnel regulations and Auburn University administrative procedures, have been ignored in all instances of discipline in his record, and give the Plaintiff the clean personnel record that he deserves and promote him to the "Heavy Equipment Operator" position he is qualified to perform and to grant him back pay from the time he initially requested this pay at the original Pay Rate.

19  The retaliatory conduct of the named Defendant(s) against the Plaintiff has taken many forms, including but not limited to, false charges being brought against the Plaintiff in an effort to damage the Plaintiff's overall work performance record, denial of promotion, pay equivalent to the work he was performing, along with damaging his reputation among his co-employees. Plaintiff's numerous grievances, complaints and written requests for federal and state law compliance have not been properly addressed administratively by the Defendants. Such retaliatory conduct of Auburn University upper facilities management appears to have been orchestrated by the named

individual Defendant(s) purposely in retaliation against the Plaintiff because of his prior EEOC filings, RACE and/or because of him seeking full compliance of federal, state and local laws by the Defendants, in addition to requesting that they follow the standard rules. regulations and operating procedures of Auburn University, in this matter; which the Defendants have NOT done.

20  Prior to 20011, the Plaintiff had no negative, defamatory or derogatory comments or documentation in his personnel file.

21  Later after the Plaintiff had complained to the EEOC, the Plaintiff started to receive unjustified negative documents or disciplinary action in his personnel file.

22  Subtract the retaliatory, unlawful and malicious conspiratorial statements against the Plaintiff by Defendant(s), and there is no reason to believe the Plaintiff would have faced any of the adverse employment issues or retaliation he complains of being orchestrated by the Defendants.

23  After adequate time and information, to correct the Plaintiff's timely complaints of EEOC non-compliance, the Defendant(s) failed to act in a lawful manner voluntarily.

24  The Plaintiff avers all retaliatory conduct by Defendants has occurred following requests by the Plaintiff for relief from racial discrimination/retaliation filed in writing with the EEOC from 2011-Present.

25  The Plaintiff avers the retaliatory conduct of Defendants has increased in frequency and intensity after he brought complaints against them with outside agencies or individuals, like EEOC and his attorney.

26  The Plaintiff avers the retaliatory conduct of Defendants has occurred in violation of his state and federal substantive and procedural due process protections afforded merit system employees, in violation of the U. S. Constitution 5th Amendment, 14th Amendment, and along with Sections 1983 and 1981 of the Civil Rights Act, as amended.

27  The Plaintiff avers the discriminatory and retaliatory conduct of Defendants occurred unlawfully due to his RACE; Plaintiff is black, while all individually named upper DOC management are white males, believed to be over 50 years of age.

28  The Plaintiff avers retaliatory conduct by all Defendants has occurred after the Plaintiff has exercised his 1st Amendment right of free speech and/or organization or association by filing numerous EEOC Complaints.

29  The Defendant(s) have violated federal law by treating the Plaintiff differently and contrary to normal standard operating procedures in retaliation against him for seeking compliance with federal laws and regulations; and reporting his employer multiple times to EEOC authorities.

30  The Defendant(s) have additionally violated many state laws relative to the hostile and unlawful retaliatory treatment exhibited by some or all of the

Defendant(s) against the Plaintiff like the following state law torts: Harassment; Intentional Infliction of Emotional Distress and Outrageous Conduct.

## COUNT I- FEDERAL LAW [TITLE VII AND U. S. CONSTITUTIONAL] VIOLATIONS-RACIAL DISCRIMINATION & RETALIATION

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 of this Complaint and Petitions for both LEGAL and EQUITABLE RELIEF herein, including but not limited to COMPENSATORY, CONSEQUENTIAL and PUNITIVE DAMAGES.

32. The conduct of the Defendant(s) described herein supports the Plaintiff's averment that he has been denied both substantive and procedural due process rights granted by the Civil Rights Act of 1964, as amended, 42 USC Sections 1983 and 1981 along with the guarantees of the U. S. Constitution 5th, 14th and 1st Amendments, related to Plaintiff's:

    1. Race (Upper management named Defendants);

    2. Exercise of free speech;

    3. Exercise of free association;

    4. After Plaintiff's request of federal law compliance made to Defendant(s), Defendant(s) have retaliated against him in violation

of Federal law's anti-retaliation provisions and "whistle blower" protection provisions;

5. Denial of property interest or right without proper due process;

6 Equal Protection Clause violations, by not treating the Plaintiff like others similarly situated;

33. The Plaintiff suffered damages, injuries and expenses related to attempting to enforce his rights under federal law; therefore, he requests that a just recovery of Damages, or equitable relief, be awarded by this Court.

## COUNT II- STATE COURT TORTS

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 of this Complaint and Petitions for both LEGAL and EQUITABLE RELIEF herein, including but not limited to COMPENSATORY, CONSEQUENTIAL and PUNITIVE DAMAGES.

35. The conduct of the Defendant(s) described herein supports the Plaintiff's averment that he has suffered significant personal injuries and damages due to the retaliatory conduct of the Defendant(s) in violation of federal civil rights law, along with other legal violations, including the following state law torts:

1. Multiple acts of Harassment;

2. Slander;

3. Libel;

4. Mental Anguish;

5. Interference with Contract;

6. Intentional Infliction of Emotional Distress-Outrage;

7. Invasion of Privacy;

36. The Plaintiff suffered damages, injuries and expenses related to attempting to enforce his rights under both state and federal law. He therefore requests that a just recovery of Damages, or equitable relief, be awarded by this Court due to the Defendants Racially Discriminating Retaliating against him from 2011 to Present.

## PRAYER FOR RELIEF

**WEHERFORE,** premises considered, the Plaintiff **EDQUADO C. ECHOLS,** is an aggrieved person as defined by federal law who has suffered significant injuries and property loss as a result of the Defendant(s) unlawful actions stated herein; the Defendant's conduct was intentional, purposeful, conspiratorial, willful, and malicious conducted in complete disregard of federal law, state law and the Plaintiff's civil rights in **RACIALLY DISCRIMINATION AND RETALIATION** ; accordingly, this action seeks Compensatory Damages, Consequential Damages; Punitive Damages and Declaratory Relief, and such equitable or other relief this Honorable Court

deems appropriate, including but not limited to PROMOTION, BACKPAY, Attorney Fees and Court Costs, in addition to clearing the Plaintiff's personnel record of all improper retaliatory matters and restoring his funds which have wrongfully been taken by the Defendants, in short restore him to the position and benefits he would hold "but for" the Defendant(s) acts of discrimination, retaliation and harassment which has created a "hostile workplace" for many non-whites ; The Plaintiff further prays, requests and petitions this Honorable Court, after due deliberation, to **GRANT** the following and issue an ORDER that:

1. Jurisdiction is Granted;

2. Venue is Granted;

3. Plaintiff's request for a Jury Trial on the issues is Granted;

4. All employment and personnel decisions contested by the Defendant(s) related to the Plaintiff and the Job Description of "Heavy Equipment Operator are Reversed, Stayed, or otherwise unenforceable, dating from the date of the Plaintiff's first filing a Complaint with EEOC in 2011 (prior to the date this action was brought in Federal Court) until Present, until further notice;

DONE this the 3rd day of October, 2017, and respectfully submitted,

s/Connie J. Morrow
Connie J. Morrow (MOR057)
Attorney for Plaintiff

ADDRESS OF COUNSEL:
**C. J. MORROW CARRAWAY BAKER, LLC**
MAILING ADDRESS: P. O. Box 640
Wetumpka, Alabama 36092
PHYSICAL ADDRESS: 527 Herron Street
Montgomery, Alabama 36104
(334) 478-4758 & 320-5325
morrow@cmorrowlaw.com