IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDQUADO C. ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:17-cv-669-GMB |
| | ) | [WO] |
| AUBURN UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the court are the Renewed Motion to Vacate (Doc. 40) and Third Motion to Vacate (Doc. 41) filed by Plaintiff Edquado C. Echols, which seek relief from a final judgment entered by this court on January 24, 2018 as a result of Echols' counsel's chronic failure to comply with court orders and deadlines. *See* Doc. 34. Echols previously filed a Motion to Vacate (Doc. 36), which the court set for a hearing on February 8, 2018. However, Echols' attorney, Connie J. Morrow, again neglected her responsibilities—this time, by failing to appear at yesterday's hearing. As a result, the court issued an oral order denying the first motion to vacate the judgment.

Following the conclusion of the hearing, Echols filed his Renewed Motion to Vacate. The Renewed Motion is nearly a word-for-word copy of the first motion except for the first few sentences of the opening paragraph, which blame Morrow's absence yesterday on an order that was issued on a "Federal Holiday of January 31, 2017." The Order scheduling yesterday's hearing was electronically transmitted to all counsel of

1

record on January 31, 2018, not January 31, 2017. *See* Doc. 38. Neither day was a federal holiday. *See* http://www.almd.uscourts.gov/calendar (last visited Feb. 8, 2018). Even if the order had been issued on a federal holiday, Morrow offers no explanation for why this would prevent her from viewing the electronic notice sent to her email address or accessing the court's CM/ECF electronic filing system at any time between January 31 and yesterday. Such a scant showing is no basis for concluding that Morrow's extreme neglect of this matter is excusable in a way recognized by Federal Rule of Civil Procedure 60(b).

Elsewhere, the motion takes inconsistent positions on the justification for Morrow's previous inattention to this case by claiming on the one hand that there were no missed deadlines because she "timely briefed" the defendants' motion to dismiss, and on the other hand offering a litany of excuses for missing the same briefing deadline, including the holiday season, family travel, the influenza season, the College Football National Championship, and even Mardi Gras celebrations. *See* Doc. 40 at 1–5. At any rate, the Renewed Motion does not carry Echols' burden under Rule 60(b) for setting aside the judgment. *See, e.g.*, *Peralta v. Peralta Food, Corp.*, 506 F. Supp. 2d 1274, 1284–85 (S.D. Fla. 2007) (finding inexcusable neglect where counsel "simply disregarded the case for an extended period of time, resulting in multiple failures to comply with Court orders").

The same can be said for Echols' Third Motion to Vacate (Doc. 41), which Morrow inexplicably filed while the Renewed Motion remained pending. This time,

2

Morrow maintains her half-baked "federal holiday" excuse and offers the additional justification that she allowed her PACER login to lapse for inactivity, preventing her from accessing the electronic docket for this case. Doc. 41 at 2. Perhaps it goes without saying that this does not give the court much comfort. Morrow managed to electronically file Echols' first motion to vacate (Doc. 36) on January 24, so she is familiar with the court's CM/ECF system and has used it quite recently. And even if her electronic access did lapse, she—like any attorney appearing before this court—has a responsibility to monitor the developments in her cases. She may do so electronically, may call the clerk's office or even the undersigned's chambers, or may elect to visit the clerk's office in person to review any case file. Morrow did none of these things. This is neglect. There is no evidence before the court excusing that neglect, and Morrow squandered her opportunity to offer additional support for setting aside the judgment at the scheduled hearing.

Accordingly, it is ORDERED that the Renewed Motion to Vacate (Doc. 40) and Third Motion to Vacate (Doc. 41) are DENIED.

DONE on the 9th day of February, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE